UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUILDING MATERIALS MANUFACTURING CORPORATION, | § § § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 3:18-cv-02606-X |
| | § | |
| v. | § | |
| | § | |
| UNITED STEELWORKERS INTERNATIONAL UNION on behalf of its local 00759, | § § § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Building Materials Manufacturing Corporation ("Building Materials") alleges

an arbitrator wrongly granted an arbitration award to one of defendant United

Steelworkers International Union's ("United Steelworkers") members, Theresa

Truesdell. Building Materials brings this action under 29 U.S.C. § 185, which allows

suits for a violation of a contract "between an employer and a labor organization

representing employees in an industry affecting commerce" in a federal district court.

Building Materials moves for summary judgment seeking to vacate the arbitration

award [Doc. No. 21] while United Steelworkers moves for summary judgment seeking

to enforce the award, along with requesting attorneys' fees and costs [Doc. No. 18].

The Court concludes that United Steelworkers has shown it is entitled to judgment

as a matter of law.

Therefore, the Court **GRANTS** United Steelworkers's motion for summary judgment and request for attorneys' fees and costs and **DENIES** Building Materials's motion for summary judgment.

## I.

Truesdell was hired by Building Materials, a roofing manufacturer, on October 14, 1992 to work at its Dallas facility. On October 21, 2016, Truesdell notified Building Materials that she would be out of work for several days. After informing Building Materials she would not be able to return because she needed to be in a less dusty environment, Truesdell was instructed to contact the administrator of leave under the Family and Medical Leave Act ("FMLA"), Liberty Mutual. Truesdell informed Liberty Mutual that her condition was caused by the working environment at the Dallas facility. Liberty Mutual subsequently approved Truesdell's claim for short-term benefits, which gave Truesdell a maximum of 26 weeks of income replacement benefits, applied retroactively as of October 21, 2016.

On April 24, 2017, Building Materials contacted Truesdell asking about her return to work intentions and ability. Truesdell responded that she needed to be placed in a less dusty work area. After some back and forth, Building Materials concluded that all jobs at the Dallas plant Truesdell was working at, including those outside the manufacturing environment, involved some exposure to dust. Building Materials alleges that, given such circumstances, they had no choice but to terminate Truesdell and so they did on June 7, 2017.

In response, Truesdell filed a grievance under the parties' collective bargaining agreement (hereinafter "Agreement") on June 8, 2017. After completing the various

grievance steps, the matter proceeded to arbitration. The parties stipulated the following question be put before the arbitrator: was Truesdell terminated for just cause? After reviewing the Agreement, the arbitrator concluded the answer was no. In coming to its decision, the arbitrator focused on section 4-11 of the Agreement, which states:

> Discharge for cause, voluntary resignation, lost time due to layoff exceeding twenty four (24) consecutive months, lost time due to reasons other than layoff exceeding twelve (12) months for employees with less than fifteen (15) years continuous service and eighteen (18) consecutive months for employees with more than fifteen (15) years continuous service, or absence without leave for more than four (4) consecutive days, shall terminate an Employee's continuous service record and seniority and if reemployed thereafter shall be considered a new Employee.[1]

The arbitrator interpreted the seniority termination deadlines in this provision as also setting tolling periods for when Building Materials could start discharging its employees. The arbitrator also interpreted "discharge for cause" to mean "other than for lost time covered hereinafter."[2] As a result of these moves, the arbitrator interpreted section 4-11 to mean that Building Materials could not discharge Truesdell, who had 15 years continuous service, until 18 months from presumably the date Truesdell notified Building Materials she would be out of work, October 21, 2016. As 18 months had not passed (Truesdell was discharged on June 7, 2017), the arbitrator concluded Truesdell was not discharged for cause.

The arbitrator then fashioned a remedy that extended Truesdell's seniority for 30 days and sought to give Truesdell an opportunity to be reinstated in a way that

---

[1] Exhibit B to Building Materials's Complaint at p.22 [Doc. No. 1, Ex. B].

[2] Exhibit A to Building Materials's Complaint at p.17 [Doc. No. 1, Ex. A].

would accommodate her health condition:

> 1. Truesdell's seniority will continue for 30 days from the date hereof.
>
> 2. Truesdell will promptly notify the Company in writing if she desires to be activated, any accommodation she will need, and will provide medical evidence in support of that request.
>
> 3. The Company will take prompt action on her request including seeking opportunities in areas other than Millwright work as Lienau testified he did prior to her 2016 termination. The Company may seek professional evaluation of Truesdell's current medical and physical condition and ability, and Truesdell will cooperate in that effort.
>
> 4. The Committee's [sic] mentioned in Article VIII-14 are encouraged to act if the Company's paragraph 3 actions do not result in Truesdell's activation.[3]

On September 28, 2018, Building Materials filed a complaint [Doc. No. 1] contending the arbitration award should be vacated because the arbitrator ignored the plain text of the Agreement. It makes this same argument in its motion for summary judgment filed on April 24, 2019. United Steelworkers filed its motion for summary judgment on the same day, alleging the arbitration award draws its essence from the Agreement and so should be enforced as written.

## II.

Before the Court is Building Materials and United Steelworkers's motions for summary judgment. Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[3] Exhibit A to Building Materials's Complaint at p.17–18 [Doc. No. 1, Ex. A].

a matter of law."[4]  "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[5]

The Court notes that the dispute between the parties in their motions for summary judgment concerns the arbitrator's interpretation, or lack thereof, of the Agreement and not the arbitrator's fact-finding.  As such, the issue before the Court is which movant is entitled to judgment as a matter of law rather than whether there is a genuine dispute of material fact.

## III.

Building Materials argues in its motion for summary judgment that the arbitrator exceeded his authority in ignoring the plain language of the Agreement by issuing his award and so, as a matter of law, Building Materials is entitled to have the arbitration award vacated.  In contrast, United Steelworkers argues in its motion for summary judgment that the arbitrator's award draws its essence from the Agreement and so, as a matter of law, is entitled to have the award enforced.  United Steelworkers also contends it is entitled to attorneys' fees and costs because Building Materials brought its challenge to the arbitration award without justification.

The Court agrees with United Steelworkers.  In showing how the arbitrator's award draws its essence from the Agreement, United Steelworkers has shown how it is entitled to summary judgment as a matter of law under the Rule of Civil Procedure

---

[4] FED. R. CIV. P. 56(a).

[5] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (alteration in original) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

56(a) summary judgment standard. The Court further agrees that Building Materials brought its challenge without justification and so United Steelworkers is entitled to attorneys' fees and costs.

In actions brought under 29 U.S.C. § 185 questioning an arbitrator's decision on a contract dispute, the Court may only look at whether the arbitrator's decision "draws its essence from the [collective bargaining agreement]."[6] This standard is interpreted "expansively."[7] Even if the arbitrator "seriously erred in his fact finding or contract interpretation," the Court must uphold a decision that draws from the essence of the collective bargaining agreement.[8] "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable."[9] An arbitrator dispenses "industrial justice" by acting contrary to the express provisions of the collective bargaining agreement or otherwise ignoring its plain language.[10] In such circumstances, the arbitrator is "no longer applying or interpreting the agreement but rewriting it."[11] An example of an arbitrator contradicting the express language of a collective bargaining agreement is *Southwest Airlines Co. v. Local 555, Transportation Workers Union of America AFL-CIO*, where the Fifth Circuit held an arbitrator's interpretation that the collective bargaining

---

[6] *Delek Ref., Ltd. v. Local 202, United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFLCIO*, 891 F.3d 566, 570 (5th Cir. 2018).

[7] *Id.*

[8] *Id.*

[9] *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

[10] *Delek Ref., Ltd.*, 891 F.3d at 570 (citations omitted).

[11] *Id.*

agreement's effective date was the signing date was contradicted by express language in the collective bargaining agreement stating the collective bargaining agreement shall "remain in full force and effect as of the date of ratification."[12] Lastly, in formulating any remedy, the arbitrator must be flexible "in meeting a wide variety of situations," as the "draftsman may never have thought of what specific remedy should be awarded to meet a particular contingency."[13] Even so, the arbitrator's award must ultimately draw its essence from the collective bargaining agreement.[14]

If the party fighting back the challenge to the arbitration decision in district court prevails, a subsequent question is whether that party is entitled to attorneys' fees and costs. The Fifth Circuit has made it clear that the party facing the challenge to the arbitration is entitled to attorneys' fees and costs if the challenge was brought "without justification."[15] "Without justification" refers to the type of challenge and not to the strength of a challenge.[16] Challenges to an arbitrator's jurisdiction or authority are "justified" and so will not result in a fee award even if the challenge to the arbitration decision fails in court.[17] However, challenges that go to the intrinsic merits of a dispute are "without justification" and will result in fees even if not brought frivolously.[18] Challenges that go to the intrinsic merits of a dispute include

---

[12] 912 F.3d 838, 845–6 (5th Cir. 2019).

[13] *United Steelworkers of Am.*, 363 U.S. at 597.

[14] *Id.*

[15] *Delek Ref., Ltd.*, 891 F.3d at 573 (citation omitted); *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 639 F.2d 279, 284 (5th Cir. 1981) (noting how the party seeking arbitration enforcement is entitled to attorneys' fees and costs if a challenge is brought without justification).

[16] *Delek Ref., Ltd.*, 891 F.3d at 573.

[17] *Id.*

[18] *Id.* (citations omitted).

challenges to an arbitrator's interpretation and application of a collective bargaining agreement and its discretion in fashioning a remedy.[19]  Courts must also be wary of a challenging party attempting "to transform [a merits] claim into an excess-of-powers claim."[20]  In other words, a party cannot in one breath argue "that the arbitrator transcended his authority" while in another assert that he "exercised his contractual authority . . . inconsistent with applicable principles of contractual construction, which 'necessarily touch[es] upon the 'intrinsic merits' of the case.'"[21]

Here, the arbitrator's decision and award draw from the essence of the Agreement.  Regardless of the accuracy of the arbitrator's interpretation of section 4-11 of the Agreement, the arbitrator did not stray from "interpretation and application of the agreement" into dispensing "his own brand of industrial justice."[22]  The arbitrator's interpretation of section 4-11 does not contradict any other express provisions of the Agreement or any express language in section 4-11 itself.  In interpreting section 4-11, the arbitrator thought that an interpretation where an employee had seniority but was no longer employed did not make sense and so understood section 4-11 as tying seniority and employment together.  At bottom, the arbitrator focused on the text and what would constitute a reasonable interpretation in making his decision.

Regarding the award itself, it must draw from the essence of the Agreement

---

[19] *Delek Ref., Ltd.*, 891 F.3d at 573; *Int'l Ass'n of Machinists*, 639 F.2d at 284.

[20] *Delek Ref., Ltd.*, 891 F.3d at 574 (quoting *Hous. Ref., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg.*, 765 F.3d 396, 412 (5th Cir. 2014)).

[21] *Delek Ref., Ltd.*, 891 F.3d at 574.

[22] *United Steelworkers of Am.*, 363 U.S. at 597.

but the arbitrator has flexibility to meet "a wide variety of situations."[23]  Here, the arbitrator is seeking to balance the traditional remedy of reinstatement with the arbitrator's finding that Truesdell's fitness to work is at issue.  To that end, the arbitrator includes provisions requiring Building Materials to accommodate her health condition and requiring Truesdell to cooperate with Building Materials to provide any requested health information.  Insofar as the central issue of this dispute is whether Truesdell was properly discharged under the Agreement, this remedy, a tailored reinstatement, draws from the essence of the Agreement.[24]

In response, Building Materials raises several objections to the arbitrator's interpretation of the Agreement and to the remedy he issued.  First, Building Materials argues that Article 8-1 of the Agreement expressly allows, without qualification, Building Materials to discharge employees for cause:

> 8-1 The management of the Company's Dallas Plant, and all of its subdivisions and departments, the direction of the working forces and the affairs of the Company including the right to hire, suspend, discharge, or discipline Employees for cause, the right to transfer or lay off Employees due to lack of work or curtailed production, the right to establish rules of conduct and penalties for violation of said rules, the right to establish, determine, maintain and enforce standards of production, the right to determine and control the number and the qualifications of Employees performing each operation at all times, the right to determine what shall be done and all methods and processes by which the work will be carried on, and the right to determine the number of shifts it shall work and the starting and stopping time of each shift are all vested solely and exclusively in the Company provided that in the exercise of any of said rights or any or all other not enumerated rights or powers or authority customarily exercised by Management, the

---

[23] *United Steelworkers of Am.*, 363 U.S. at 597.

[24] This explanation of how the arbitrator's remedy draws its essence from the CBA disposes of Building Materials's argument that, assuming the arbitrator's interpretation of the CBA is correct, the awarded remedy still has no basis in the CBA because Truesdell's reinstatement would occur over 5 months after the prescribed 18-month leave period.

Company shall not violate the express provisions of this Agreement.[25]

Building Materials contends that the arbitrator's interpretation of section 4-11, specifically its interpretation of "discharge for cause" to mean discharge for reasons other than lost time covered in section 4-11, contradicts this unqualified right. This objection misses the mark. Article 8-1 expressly gives Building Materials the "sole and exclusive right" to discharge an employee for cause but it does not define what "cause" means. The arbitrator is interpreting what "cause" means and is not contesting Building Materials's "sole and exclusive right" to discharge an employee for cause. Moreover, Article 8-1 expressly limits such "sole and exclusive right" when it states that exercising this right "shall not violate the express provisions of this Agreement." For these reasons, Building Materials has failed to show how the arbitrator's interpretation of Article 4-11 contradicts the express language of Article 8-11.

Second, Building Materials argues that the arbitrator ignored the plain language of the Agreement when it interpreted Article 4-11 to create a right for Truesdell to an 18-month leave of absence before she could be terminated. This objection begs the question. It assumes that the arbitrator's interpretation of Article 4-11, which this Court must defer to, is incorrect. Indeed, Building Materials discusses at length in its motion for summary judgment how Article 4-11 should not be interpreted to mandate leave but, when all is said and done, does not point to any express provisions in Article 4-11 or elsewhere that contradict the arbitrator's interpretation on 18-month leave. This is a far cry from *Southwest Airlines Co.*,

---

[25] Exhibit B to Building Materials's Complaint at p.42–43 [Doc. No. 1, Ex. B].

where the arbitrator's decision that the effective date of the collective bargaining agreement was the signing date was contradicted by express language in the collective bargaining agreement stating the agreement shall "remain in full force and effect as of *the date of ratification . . . .*"[26] Thus, Building Materials has failed to show the arbitrator's interpretation of the 18-month language contradicts the express language of the Article 4-11 or any other Agreement provision.

For the reasons stated above, the Court holds that the arbitrator was not dispensing his own brand of industrial justice and that his award and decision draw from the essence of the Agreement. Given this holding, the Court must now decide whether United Steelworkers is entitled to attorneys' fees and costs.

United Steelworkers is entitled to attorneys' fees and costs because Building Materials brought this challenge without justification. As noted above, "without justification" means that the challenge goes to the merits of the dispute, which includes an arbitrator's interpretation of a contract.[27] Here, Building Materials at several points in its briefing on these motions for summary judgment contests the arbitrator's interpretation of the Agreement. For example, in its motion for summary judgment, Building Materials argues that the arbitrator's interpretation of Article 4-11 mandating 18-months of leave for employees is wrong because Article 4-11, properly interpreted, does not mandate leave. Additionally, in the same motion, Building Materials argues the arbitrator's interpretation of Article 4-11 makes no sense and would lead to absurd consequences. In another example, Building

---

[26] 912 F.3d 838, 845–46 (emphasis added).

[27] *Delek Ref., Ltd.*, 891 F.3d at 573.

Materials, in its reply to United Steelworkers's motion for summary judgment, argues that the arbitrator's interpretation of "discharge for cause" in Article 4-11 is incorrect because it is inconsistent with the proper interpretation of Article 8-1, which gives Building Materials an unqualified right to discharge an employee for cause. As Building Materials's briefing illustrates that it is bringing this challenge on the merits, it must pay United Steelworkers's attorneys' fees and costs.

In response, Building Materials argues it is challenging the arbitrator's authority and not the intrinsic merits of the dispute. Building Materials contends that, in alleging that the arbitrator is ignoring the plain meaning of the Agreement and contradicting its express provisions, Building Materials is in fact arguing that the arbitrator is exceeding its authority and essentially rewriting the agreement. If this were true, then Building Materials would be correct. But it is not true. Although Building Materials is careful to cloak its arguments as being about the arbitrator ignoring the plain meaning of the Agreement and its express provisions, the substance of its arguments speaks for itself. As noted above, Building Materials's arguments focus on disputing the arbitrator's interpretation of the Agreement and do not cite to any express provision contradicting the arbitrator's decision. Indeed, this is a clear case of Building Materials attempting to "transform [a merits] claim into an excess-of-powers-claim.[28]" As its briefing makes clear, Building Materials is in one breath arguing "that the arbitrator transcended his authority while in another it asserts" that he wrongly interpreted the contract which, "necessarily touch[es] upon

---

[28] *Delek Ref., Ltd.*, 891 F.3d at 574 (quoting *Houston Ref., L.P.*, 765 F.3d at 412).

the 'intrinsic merits' of the case."[29]  Thus, Building Materials is bringing this challenge on the merits.

## IV.

Because this Court has found, as a matter of law, that the arbitrator's decision and award flow from the essence of the Agreement and that Building Materials brought this challenge on the merits of the dispute, the Court hereby **GRANTS** United Steelworkers's motion for summary judgment and request for attorneys' fees and costs and **DENIES** Building Materials's motion for summary judgment.[30]

United Steelworkers, if it seeks to recover attorneys' fees, must submit a motion pursuant to Federal Rule of Civil Procedure 54(d) within 14 days after the entry of judgment, which is being entered alongside this order.  If United Steelworkers chooses to file this motion, the Court further requires United Steelworkers to submit evidence supporting its request for attorneys' fees and costs. For attorneys' fees, United Steelworkers must itemize the hours spent with sufficient

---

[29] *Delek Ref., Ltd.*, 891 F.3d at 574.

[30] The Court notes Building Materials in its complaint also argues the award should be vacated under the Texas Arbitration Act and the Federal Arbitration Act.  However, Building Materials does not raise these arguments in its motion for summary judgment or in any of its other briefing related to the motions for summary judgment filings.  As such, the Court deems these arguments waived.  Even if the Court were to consider these arguments, they both fall flat.  The Texas Arbitration Act specifically excludes "a collective bargaining agreement between an employer and a labor union." TEX. CIV. PRAC. & REM. § 171.002(a)(1).  Regarding the Federal Arbitration Act, assuming it applies, "the Supreme Court has made clear that district courts' review of arbitrators' awards under [the Federal Arbitration Act] is limited to the 'sole question . . . [of] whether the arbitrator (even arguably) interpreted the parties' contract." *BNSF R. Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 788 (5th Cir. 2015) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)) (alteration added).  In answering this question, the district court must look to the arbitration award and consider at least three factors: "(1) whether the arbitrator identifies her task as interpreting the contract; (2) whether she cites and analyzes the text of the contract; and (3) whether her conclusions are framed in terms of the contract's meaning." *Id.* (citation omitted).  This question is disposed of in Section III of this order, which makes clear that the arbitrator in his award was interpreting the Agreement.

descriptive detail of the work conducted as to this particular case, as well as submit a proffered reasonable hourly rate based on the relevant experience of the attorney conducting the work. Upon the filing of the motion, Building Materials will have 5 days to file a response should it choose to do so. Upon the filing of the response, United Steelworkers will have 5 days to file a reply.[31]

 

**IT IS SO ORDERED** this 3rd day of March, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[31] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.